UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR G.L.,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-08125-MKD<br>A# 242-181-971<br>ORDER DENYING PETITION FOR HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER<br>**ECF No. 4** |

Petitioner, an immigration detainee at the California City Detention Center proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, and moves for a temporary restraining order, ECF No. 4. For the reasons discussed below, the Court denies the Petition without prejudice and denies the motion for a temporary restraining order as moot.

## BACKGROUND

Petitioner is a native and citizen of Honduras who entered the United States in 2003. ECF No. 9-1 at 2. Before his detention, he lived in Jacksonville, Florida.

*Id.* He states that he worked in construction and supported his wife and three children, all three of whom are United States citizens. ECF No. 14 at 69. At the time of his arrest, Petitioner had a pending asylum application with United States Citizenship and Immigration Services. ECF No. 9-1 at 2. According to ICE's records, he had not previously been encountered by ICE or Customs and Border Protection. *Id.*

ICE arrested Petitioner near his residence on July 22, 2026. *Id.* DHS placed him in removal proceedings and detained him pending those proceedings. ECF No. 9-1 at 6-11. On September 4, 2026, an immigration judge denied Petitioner's request for release on bond after finding that he posed a flight risk. ECF No. 14 at 79. Although Respondent stated that Petitioner did not appeal, ECF No. 9 at 2, Petitioner provided a BIA receipt confirming that he filed a bond appeal on September 28, 2026. ECF No. 14 at 84. The record does not contain a decision resolving that appeal.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, the Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**DISCUSSION**

The parties agree that Petitioner's detention is governed by 8 U.S.C. § 1226(a). ECF No. 9 at 1; ECF No. 14 at 83. Under the ordinary procedures governing that detention, the noncitizen bears the burden of establishing eligibility for release by a preponderance of the evidence. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Petitioner argues that the immigration judge could not deny bond without clear and convincing evidence of flight risk. ECF No. 14 at 68, 71. But due process does not categorically require a second hearing at which Respondent bears that heightened burden. *Rodriguez Diaz*, 53 F.4th at 1213. Although individualized constitutional challenges remain available, *id.*, Petitioner identifies no impediment to presenting evidence or other circumstance distinguishing the procedures afforded here. He received a bond hearing and is

pursuing administrative review. His detention since July 2026, without a showing of unreasonable government delay or another specific deficiency, does not establish that an additional hearing is constitutionally required.

Petitioner also asserts that he was entitled to notice and a hearing before his arrest. ECF No. 14 at 68, 72. The ordinary procedures under § 1226(a) provide for arrest followed by custody review. *See Rodriguez Diaz*, 53 F.4th at 1196-97. Petitioner received that review and has not established that he was previously released from immigration custody. ECF No. 14 at 75, 79. He therefore has not shown that the restrictions on re-detention addressed in *Garro Pinchi v. Noem*, 813 F. Supp. 3d 973 (N.D. Cal. 2025), entitled him to a hearing before his arrest.

Petitioner's evidence concerning his family, employment, and community ties principally challenges the immigration judge's risk of flight determination. ECF No. 14 at 69-70. That challenge remains subject to administrative review. A petitioner ordinarily must complete a bond appeal before seeking habeas review of an adverse custody determination. *Leonardo v. Crawford*, 646 F.3d 1157, 1160-61 (9th Cir. 2011). Petitioner has not shown that the BIA has decided his appeal or that its review would be unavailable or futile.

The Court thus denies the Petition as to Petitioner's procedural due process claims and dismisses it without prejudice as to his challenge to the immigration judge's risk of flight determination.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DENIED without prejudice**.

2. Petitioner's Motion for Temporary Restraining Order, **ECF No. 4**, is **DENIED as moot**.

3. The transfer restriction, **ECF No. 8**, is **VACATED**.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Respondent and **CLOSE** this case.

DATED November 16, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE